**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 25-2070**

KRISTEN WILLIAMS,

Plaintiff - Appellant,

v.

PHILLIP TRUESDELL, Deceased; AUDREY COPELAND, As Phillip's Power of Authorities; RONALD COPELAND, As Phillip's Power of Authorities; GROVER BEAU SEATON, Former Attorney; SHEILA R. MIMS, Former Attorney; JASON R. WHEELER, Appointed GAL; TODD J. MANLEY; DIAMOND GORDON, Case Worker; TERRY PALM, Supervisor; SOUTH CAROLINA DEPARTMENT OF SOCIAL SERVICES; ESTATE OF PHILLIP TRUESDELL; HANNAH LASSITER; SIERRA REGISTER; VERNETTE TOLLIVER; NAJLA C. WRIGHT; SALLY R. YOUNG; KYRA MCMILLAN; DEBBIE POLITANO,

Defendants - Appellees.

Appeal from the United States District Court for the District of South Carolina, at Charleston.  Bruce H. Hendricks, District Judge.  (2:25-cv-00301-BHH)

Submitted:  February 19, 2026                    Decided:  February 23, 2026

Before WYNN and HARRIS, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Dismissed by unpublished per curiam opinion.

Kristen Williams, Appellant Pro Se.  Sarah Cameron Frierson, Joseph Calhoun Watson, ROBINSON GRAY STEPP & LAFFITTE, LLC, Columbia, South Carolina; Carmen

Vaughn Ganjehsani, Columbia, South Carolina, Payton Hoover, RICHARDSON PLOWDEN & ROBINSON, PA, Mount Pleasant, South Carolina; Stephen Lynwood Brown, Graydon V. Olive, IV, CLEMENT RIVERS, LLP, Charleston, South Carolina, for Appellees.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kristen Williams seeks to appeal the district court's order accepting the recommendation of the magistrate judge and dismissing Williams's 42 U.S.C. § 1983 action for lack of subject matter jurisdiction and failure to state a claim upon which relief could be granted. We dismiss the appeal for lack of jurisdiction because the notice of appeal was not timely filed.

In civil cases, parties have 30 days after the entry of the district court's final judgment or order to note an appeal, Fed. R. App. P. 4(a)(1)(A), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5) or reopens the appeal period under Fed. R. App. P. 4(a)(6). "[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." *Bowles v. Russell*, 551 U.S. 205, 214 (2007).

The district court entered its order on July 28, 2025, and the appeal period expired on August 27, 2025. Williams filed the notice of appeal on September 3, 2025. Because Williams failed to file a timely notice of appeal or to obtain an extension or reopening of the appeal period, we dismiss the appeal.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*

3